FILED

2012 NOV -7 PM 4: 10

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | ) **CRIMINAL CASE NO. CF566-10** |
| **Plaintiff,** | ) |
| | ) |
| | ) **FINDINGS OF FACT AND** |
| | ) **CONCLUSIONS OF LAW** |
| **vs.** | ) **(Restitution)** |
| | ) |
| | ) |
| **MANNY ANTERSON,** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 6, 2012, for a restitution hearing. Assistant Attorney General Charles J. Kinnunen represented the People of Guam ("the People"). Assistant Public Defender Jocelyn M. Roden appeared on behalf of Manny Anterson ("Defendant"). Now, taking all evidence and arguments into consideration, the Court issues its findings and conclusions.

### FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. On September 28, 2010, Defendant was indicted on the following charges: (1) Driving While Under the Influence of Alcohol with Injuries (As a 3rd Degree Felony) (2)

Driving While Under the Influence of Alcohol (As a Misdemeanor) and (3) Driving While Under the Influence of Alcohol (B.A.C.) (As a Misdemeanor). Indictment (Sep. 28, 2010).

2. Defendant was arraigned on October 13, 2010.

3. On February 9, 2011, Defendant entered into a plea agreement. Therein, Defendant "voluntarily, and without coercion or promises apart from [the] plea agreement, agree[d] to enter a guilty plea to one count of **DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL** (As a Misdemeanor), in violation of 16 GCA § 18102 (a)." Plea Agreement (Feb. 9, 2011).

4. The Plea Agreement provides that "Defendant shall pay full restitution, **if any,** arising out of each charge in the Indictment, an amount to be determined by Court at a restitution hearing, pursuant to the limitations set in 9 GCA § 80.50 (e). Defendant shall pay said restitution in monthly installments to be arranged by the Adult Probation Office and shall pay it in full prior to the termination of the probationary period. However, in the event restitution is not paid by the expiration of probation, the obligation for restitution shall survive[.]" *Id* at ¶ C.

5. The People filed a Statement of Restitution on March 17, 2011. Therein, the victims, Henry and June Tudela, submitted a cost estimate and the bluebook value of their automobile which was involved in an auto accident in the above-captioned case. The amount the victims wish to claim is Two Thousand One Hundred Ninety Five Dollars ($2,195.00).

6. The Victims' insurance company determined that the 1997 Toyota Corolla is a total loss and refuses to cover. People's Statement of Restitution at Attachment A (Mar. 17, 2011).

7. The damage estimate to the vehicle was pegged at $8,326.21. *Id.*

8. Defendant objects to the use of the Kelly Bluebook trade-in value and instead, contends that the Kelly bluebook used car value is the best measure of the loss to the victim. Def's Objection to Restitution Amount (Jan. 11, 2012).

9. The Court held a restitution hearing on August 6, 2012.

## CONCLUSIONS OF LAW:

Restitution is authorized pursuant to 9 GCA § 80.50 and 9 GCA § 80.53. A defendant may be ordered to pay restitution for property shown to be lost so long as the restitution does not exceed the victim's loss resulting from the offense. Id. Imposing restitution is based upon the principle that the offender should make reparations to the victim by restoring the victim to his economic status quo before the offender's wrongdoing. In re Andrew C., 215 Ariz. 366, 367, ¶ 10, 160 P.3d 687, 689 (App.2007). The guiding principle is to make the victim whole to the extent permitted by the statutory and constitutional scheme. Id. at ¶ 11. Additionally, restitution in this case is necessary because it would act as a deterrent and a correcting influence on the defendant. See 9 G.C.A. §80.52 (b)(2). Thus, the Defendant through his Plea Agreement, voluntarily agreed that he would pay restitution. Plea Agreement at ¶ C.

The conviction here is of a misdemeanor which would ordinarily limit the order of restitution to $1,000.00 set by 9 GCA §80.50 (c). However, restitution awards in excess of $1,000.00 are allowed under § 80.50 (e) but are limited up to double the amount equal to the loss to the victim. People v. Mallo, 2008 Guam 23 ¶ 41. Section 80.50(e) allows for a higher amount when there is a finding of loss to the victim that is higher than that. Id. at ¶ 43.

In the instant case, damage estimate to the victims' 1997 Corolla was pegged at $8,326.21. The victims' insurance company also determined that the car is a total loss and refuses to cover for repairs. In view of this, the People submitted a Bluebook value of the

vehicle. The People's submission accounts for a private party value listing the type of vehicle in fair condition to be placed at $2,195. Conversely, Defendant objects to the restitution amount submitted by the People. Defendant specifically "objects to the use of the Kelly Bluebook *trade-in value* and instead, contends that the Kelly Bluebook *used car value* is the best measure of the loss to the victim." Accordingly, Defendant's estimate based on the used car value amounts to $1,543.

In the Court's review of this matter, the Court recognizes that the private party value for a used 1997 Toyota Corolla in fair condition is estimated at $1,544, as of November 7, 2012. However, the Court also recognizes that at the time of the restitution filing, the estimate submitted by the People also reflected a fair conditioned vehicle. Because the offense occurred in 2010 and the People submitted an estimate closer in time to the date when the vehicle was totaled, the Court accepts the restitution request submitted by the People on behalf of the victims. Accordingly, the Victims are entitled to restitution in the amount of Two Thousand One Hundred Ninety Five Dollars ($2,195.00), consistent with their loss as a result of Defendant's offense.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court ORDERS the Defendant to pay restitution in the amount of Two Thousand One Hundred Ninety Five Dollars ($2,195.00).

**SO ORDERED** this ___7___ day of November, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 7 2012

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam